## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JUAN GARCIA MURO,

      Plaintiff Petitioner,

v.                                        No. CV 11-0469 RB/RHS

STATE OF NEW MEXICO,

      Defendant Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* on Petitioner's Petition For Writ Of Certiorari To The United States District Court.  The petition was filed without an accompanying filing fee or motion for leave to proceed in forma pauperis.  Furthermore, the face of the petition presents two issues for preliminary consideration: (1) whether petitioner intended to file his petition in this court, and (2) whether the petition should be recharacterized as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Failure to comply with this order may result in dismissal of the petition without further notice.

First, the petition may have been intended for filing in the New Mexico Supreme Court. Petitioner states that he is seeking a writ of certiorari on review of a New Mexico Court of Appeals ruling, and the petition is filed pursuant to New Mexico law.  Furthermore, the petition raises only one substantive issue.  Petitioner may, of course, dismiss his petition, *see* Fed. R. Civ. P. 41(a)(1)(A)(i); 28 U.S.C. § 2254 R.12, if he decides to pursue certiorari relief in the New Mexico Supreme Court.

Second, and alternatively, Petitioner may have intended to seek relief under the federal

habeas corpus statutes.  His claim implicates provisions of the United States Constitution and is thus expressly contemplated by 28 U.S.C. § 2254: relief is available where a petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the  Constitution or laws or treaties of the United States."  § 2254(a).  In the analogous situation following a federal conviction,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).  The quoted rules that restrict the recharacterizing of claims under § 2255 also apply to habeas corpus petitions under § 2254.  *See Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) ("[A] district court must follow certain procedures before recharacterizing pro se pleadings as claims under §§ 2254 or 2255.").

The Court finds that Petitioner's petition should be considered as a habeas corpus petition, notwithstanding its designation as a certiorari petition, because of the nature of the relief sought.  In light of the rulings in *Kelly* and *Davis*, the Court notes that, if Petitioner pursues relief under § 2254, the petition must be filed within the applicable one-year limitations period, and Petitioner may then be barred from filing a subsequent § 2254 petition.  If Petitioner does not withdraw his petition, the Court may dismiss the petition as not presenting cognizable claims, or may treat the petition as if it were brought under 28 U.S.C. § 2254.

IT IS THEREFORE ORDERED that, within twenty-one (21) days from entry of this order, Petitioner must pay the $5.00 habeas corpus filing fee or file a motion for leave to proceed in forma pauperis; and the Clerk is directed to mail to Petitioner, together with a copy of this order, 2 copies

of an application to proceed in forma pauperis and a § 2254 petition;

IT IS FURTHER ORDERED that Petitioner is hereby NOTIFIED that, within the same twenty-one (21) days, he may voluntarily dismiss his petition, file an actual § 2254 petition presenting all of his claims, or notify the Court in writing that he agrees to have his current petition re-characterized and adjudicated as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

_Lorenzo F. Garcia_

UNITED STATES MAGISTRATE JUDGE
(signing for Judge Scott)

3